BROOKS, P.
It is very probable, that the legislature, by the provisions of the statute made in 1819, on this subject, intended only to facilitate the acknowledgment of foreign deeds, by extending the authority to take acknowledgments of such deeds, to two justices of the peace, where the party executing the same resided in any of the U. States, or the territories thereof, and not to repeal the Sth section of the statute of 1792, which gave the authority to any court of law, mayor or chief magistrate &c. in every case in which the party executing such deeds did not reside in Virginia. But, as the authority, in such case, was by the statute of 1819 restricted to the case, in which the party executing the deed resided without the O'. States, and the territories thereof; and as also all laws of a general nature, not published in the new code, were repealed by the 9th section of the statute providing for the re-publication of the laws (1 Rev. Code, ch. 1, p. 16,) the Sth section of the statute of 1792, and all the subsequent statutes on the subject, must be considered as repealed by the statute of 1819. The objection to the authentication and registry of the deeds in question, cannot be got over. So much of the decree, therefore, as declares them duly registered, and dissolves the injunction, is erroneous, and must be reversed.